UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRYSTAL BATES, | |
| Plaintiff, | No. 23 C 01920 |
| v. | Judge Thomas M. Durkin |
| PACE BUS CO., | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Crystal Bates ("Bates"), a bus driver formerly employed by Defendant Pace,[1] sues Pace for her allegedly unlawful June 2021 termination. She claims she was terminated on the basis of her sex, as well as in retaliation for filing a worker's compensation claim and for reporting an illegal act to law enforcement. R. 1. Defendant filed a partial motion to dismiss Counts III and IV as time barred and Count IV for failure to state a claim. R. 18. That motion is denied.

## Legal Standard

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of

---

[1] Defendant asserts the Complaint contains a misnomer by naming "Pace Bus Co." as the defendant, and that its proper legal name is "Pace, the Suburban Bus Division of the Regional Transportation Authority." Throughout this Opinion, Defendant is referred to as "Pace."

the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

Complaints do not normally need to anticipate affirmative defenses such as untimeliness. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). There is an exception where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense," such as when the complaint reveals the action was clearly filed outside the applicable statute of limitations. *Id.* (citations omitted).

## Background

Pace, one of the largest bus services in North America, is a publicly owned entity that operates public transportation in Chicago's suburbs. R. 1 ¶ 17. Bates began working for Pace in April 2009 as a bus driver. *Id.* ¶¶ 1–2. On December 7,

2020, Bates was involved in a physical altercation with a passenger named Edward Nolan ("Nolan"), who Bates alleges violently attacked her while she was driving a bus in Burbank, Illinois. *Id.* ¶¶ 3, 6. Bates states that she fought him off, parked the bus, and ran off the bus to try to get away from him. *Id.* ¶ 4. Nolan chased her and continued to attack her. *Id.* A passerby intervened and began fighting Nolan, which allowed Bates to reboard the bus. *Id.* ¶¶ 5–6. When the Burbank police arrived, they took Nolan to the ground and arrested him. *Id.* ¶ 6. Bates then provided a statement to the police about the incident. *Id.* ¶ 7. As a result of the attack, Bates sought medical treatment for her injuries and, on December 29, 2020, filed a worker's compensation claim for her medical treatment. *Id.* ¶ 9. Her doctor did not clear her to return to work until May 17, 2021. *Id.* ¶¶ 8, 10. Nolan was convicted of aggravated battery for the attack. *Id.* ¶ 30.

Though Bates attempted to return to work, Pace allegedly refused to allow her to resume her job and instead, on June 28, 2021, terminated her for her actions during the December 7, 2020 incident. *Id.* ¶¶ 11, 20. Bates alleges that Pace did not terminate a male employee who had a similar physical altercation with a passenger. *Id.* ¶ 21. On December 20, 2021, Bates filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). *Id.* ¶ 23. She received a notice of right to sue on December 28, 2022. *Id.* She also filed a charge at the Illinois Department of Human Rights ("IDHR"). *Id.* ¶ 25. The IDHR issued a notice of dismissal on January 11, 2023. *Id.*

Plaintiff filed this case against Pace on March 27, 2023. R. 1. She alleges sex discrimination under Title VII (Count I), sex discrimination under the Illinois Human Rights Act (Count II), retaliatory discharge for filing a workers' compensation claim (Count III), and retaliation under the Illinois Whistleblower Act, 740 ILCS 174/15(b), ("IWA"), for reporting an illegal activity—Nolan's aggravated battery—to police (Count IV). R. 1. Defendant filed a partial motion to dismiss, alleging Plaintiff's retaliatory discharge and IWA claims are time barred and that her IWA count also fails to state a claim. R. 18.

## Discussion

### I.  Whether Counts III and IV Are Time-Barred

Pace first contends that Counts III and IV are time-barred. Specifically, Pace alleges that § 5.03 of the Regional Transportation Authority Act (the "RTA Act"), 70 ILCS 3615/1.01, *et seq.*, under which Pace (and the Northeast Illinois Regional Commuter Railroad Corporation, i.e., Metra) was organized, establishes a one-year statute of limitations for all tort claims against Pace. Section 5.03 states: "No civil action shall be commenced in any court against the Authority by any person on account of any wrongful death or for any injury to any person unless it is commenced within one year from the date that the cause of action accrued." *Id.* § 5.03. And because Bates brought this case over one and a half years after her termination, Pace

4

contends these claims are untimely on the face of the Complaint and must be dismissed.[2]

Bates reasons that the one-year limitations period does not bar her claims for two reasons. First, because § 5.03 is limited to actions brought against "the Authority" (defined in the RTA Act to mean the "Regional Transportation Authority," *id.* § 1.03), it does not bar actions brought against Pace, which she argues is a separate legal entity. She also contends that, because § 5.03 of the RTA Act applies the one-year limitations period to claims based on "any wrongful death or [ ] any injury to any person," it applies only to wrongful death or bodily injury claims, not employment-based retaliation and IWA claims. Pace's motion to dismiss on timeliness grounds is denied because, even assuming that § 5.03 of the RTA Act applies to Pace, it does not limit Bates's retaliatory discharge and IWA claims.

### a. Whether 70 ILCS 3615/5.03 Applies to Plaintiff's Claims

When a federal court is interpreting state law, the court must apply that state's rules of statutory construction. *Pastors Protecting Youth v. Madigan*, 237 F. Supp. 3d 746, 749 (N.D. Ill. 2017) (citing *United States v. Woodland*, 607 F. Supp. 2d 904, 911 (C.D. Ill. 2009)). In Illinois, where there is no governing precedent interpreting a statutory section, like here, courts are to consider "the statute's plain language and the legislative intent behind it." *Pastors Protecting Youth*, 237 F. Supp. 3d at 749

---

[2] Because of the administrative exhaustion requirements for certain employment actions, Bates was unable to bring Counts I and II of her case until after this one-year period had expired. Bates was terminated in June 2021. She did not receive her notice of right to sue from the EEOC until December 2022, and her claim with the IDHR was not dismissed until January 2023.

(citing *People v. Hanna*, 207 Ill.2d 486 (2003), and *Lake Cty. Bd. of Review v. Prop. Tax Appeal Bd.*, 192 Ill. App. 3d 605 (1989)).

To support their arguments, each party analogizes the language in § 5.03 to limitation periods in other acts. But none of the statutes they cite have identical language to § 5.03. *Compare* RTA Act, 70 ILCS 3615/5.03 (one-year statute of limitations for actions "for *any injury to any person*,") *with* 735 ILCS 5/13-202 (two-year statute of limitations for "[a]ctions for damages for *an injury to the person*,"), 70 ILCS 3605/41 (one-year statute of limitations for actions brought against the CTA "by any person for *any injury to his person*,") *and* 745 ILCS 10/8-101 (one-year statute of limitations for civil actions "against a local entity . . . for *any injury,*") (emphases added). Moreover, courts have reached differing conclusions as to whether those limitations periods apply only to claims for bodily injury or to all tort claims generally.

For example, Illinois' general statute of limitations for personal injury claims applies a two-year statute of limitations to "[a]ctions for damages for an injury to the person." 735 ILCS 5/13-202. Illinois courts "uniformly have interpreted the phrase 'injury to the person' . . . as applying only to direct physical injuries." *Berghoff v. R.J. Frisby Mfg. Co., a Div. of W. Cap. Corp.*, 720 F. Supp. 649, 652 (N.D. Ill. 1989) (concluding that employment-based wrongful retaliation claims are not based on an "injury to the person" and are therefore not subject to the general statute of limitations for personal injury claims); *see also Teumer v. Gen. Motors Corp.*, 34 F.3d 542, 549–50 (7th Cir. 1994) (five-year statute of limitations applied to retaliatory

discharge claims); *Fonseca v. Spraying Sys. Co.*, 466 F. Supp. 3d 834, 851 (N.D. Ill. 2020) (same).

Conversely, the Illinois Tort Immunity Act's one-year limitation period is directed to civil actions "against a local entity . . . for *any* injury[.]" 745 ILCS 10/8-101 (emphasis added).[3] Courts have interpreted this language as applying to all torts, including retaliation claims. *See, e.g.*, *Dayton v. Oakton Comm. College*, 907 F.3d 460, 470 (7th Cir. 2018) ("[W]e note that the tort of retaliatory discharge is subject to the one-year statute of limitations under the Illinois Tort Immunity Act[.]"); *Jones v. Cir. Ct. of Cook Cty.*, No. 18-cv-1319, 2021 WL 4459510, (N.D. Ill. Sept. 29, 2021) (IWA claim subject to Illinois Tort Immunity Act's one-year limitations period); *Elue v. City of Chicago*, No. 16 CV 09564, 2017 WL 2653082, at *8–9 (N.D. Ill. June 20, 2017) (same).

Further compounding the confusion, the parties cite conflicting cases construing the statute of limitations in the Metropolitan Transit Authority Act, 70 ILCS 3605/41 (the "MTA Act"), which governs actions brought against the Chicago Transit Authority ("CTA"). That statute specifies that a one-year limitations period

---

[3] It would seem at first glance that the one-year statute of limitations in the Tort Immunity Act would apply to Bates's claims against Pace. *See Pence v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 398 Ill. App. 3d 13, 19 (2010) (Tort Immunity Act applied to tort claims against Metra where it was not acting as a common carrier); *Smith v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 210 Ill. App. 3d 223, 226–28 (1991) (Metra is a "local public entity" protected from punitive damages by the Tort Immunity Act). But the Tort Immunity Act does not apply to claims seeking back pay, front pay, and other forms of equitable relief, which Bates seeks here. *See* R. 1 at p. 4; *Stringer v. City of Lake Forest*, No. 16 C 8991, 2017 WL 75741, at *1 (N.D. Ill. Jan. 7, 2017) ("Stringer is seeking reinstatement, back pay, and front pay, which are forms of equitable relief. . . . Thus the Tort Immunity Act does not apply." (internal citations omitted)).

applies to actions "commenced . . . by any person for *any injury to his person*." *Id.* (emphasis added). Some cases that have found the limitations period applies only to bodily injury lawsuits. *See, e.g.*, *Lara v. Chicago Transit Auth.*, No. 05 C 06209, 2007 WL 9817831, at *4 (N.D. Ill. May 17, 2007) (finding that a claim against the CTA for intentional infliction of emotional distress was subject to the one-year statute of limitations because it is considered to be an injury to one's person, but that a claim for malicious prosecution was not); *Wheatley v. Chicago Transit Auth.*, 289 Ill. App. 3d 60, 65 (1997) (The statute of limitations in the MTA Act "is much more specific than [the Illinois Tort Immunity Act] since it is only applicable to personal injury claims[.]"). But more recent authority from this Court applied the MTA Act's statute of limitations to retaliation claims. *Carey v. Chicago Transit Auth.*, No. 20 C 7266, 2021 WL 1853234 (N.D. Ill. May 10, 2021) (granting motion to dismiss IWA claim against the CTA because it was not filed within the one-year statute of limitations). The plaintiff in *Carey*, however, did not argue that the MTA Act's statute of limitations applied only to personal injury claims, and this Court therefore did not consider the question. *Id.*

In short, case law interpreting other similar, but not identical, statutory sections does not elucidate § 5.03's meaning. In addition, one could reasonably point to the words "any injury" in § 5.03 of the RTA Act as broadly applying to all tort claims, and yet, one could also reasonably argue that "to any person" modifies it and limits its reach to bodily injuries. The language of § 5.03 is therefore ambiguous as to whether it governs only wrongful death and personal injury claims or all tort claims,

8

and it is therefore proper for the Court to examine the legislative history to determine the legislature's intent. *See Five Points Rd. Joint Venture v. Johanns*, 542 F.3d 1121, 1128 (7th Cir. 2008) ("Resort to the legislative history . . . is only necessary if the language of the statute is ambiguous[.]" (citing *United States v. Shriver*, 989 F.2d 898, 901 (7th Cir. 1992))); *Nowak v. City of Country Club Hills*, 2011 IL 111838, ¶ 13 (holding that where two competing readings of a statute are "reasonable," it is ambiguous and the court may turn to legislative history to determine the legislature's intent).

The legislative history provides a much clearer picture of the legislature's intent for the application of § 5.03. Representative Pakou, the co-sponsor of the bill enacting the RTA Act's one-year statute of limitations, discussed its purpose: to "make[ ] equitable across the state, the amount of time that a person has to file for a *bodily injury accident* if they are related to the RTA." 89th Ill. Gen. Assem., House Proceedings, May 8, 1995, at 52, available at https://www.ilga.gov/house/transcripts/htrans89/HT050895.pdf (emphasis added). Debate centered on whether, for consistency's sake, it was better to keep the statute of limitations at two years, since "all other *personal injury actions* in Illinois have a two year statute of limitations." *Id.* at 53 (emphasis added); *see also id.* at 56 (exchange between Rep. Pakou and Rep. Lang). And when asked for what type of claims the proposed bill would shorten the limitations period, Rep. Pakou answered, "[t]hese are bodily injury and personal injury claims. Also wrongful death." *Id.* at 57. Finally, debate on the bill ended with discussion about whether, if a person is "in a[n] accident where maybe a bus has hit

you[,]" one year is sufficient for her to recognize that she has a claim. *Id.* at 61–62. Therefore, it is abundantly clear from the legislative history that the intent behind § 5.03 was to limit *only* bodily injury claims against the Authority to a one-year filing period. Bates's retaliatory discharge and IWA claims, which are based on a loss of employment, are not claims for bodily injury. *Teumer*, 34 F.3d at 549–50; *Fonseca*, 466 F. Supp. 3d at 851; *Berghoff*, 720 F. Supp. at 654. Therefore, the RTA Act's one-year statute of limitations does not bar them and Pace's motion to dismiss Counts III and IV for untimeliness is denied.

## II.   Whether Bates Adequately States a Claim under the IWA

Pace finally asserts that Bates fails to state a claim under the IWA. Specifically, Pace argues that the Complaint's only factual support for causation is the proximity in time between Bates's alleged protected activity—reporting Nolan's battery to police in December 2020—and her termination in June 2021. Pace challenges that this six-month gap is too remote in time to create a reasonable inference of causation.

First, because plaintiffs must make their claims without the benefit of discovery, courts generally do not dismiss claims at the pleading stage if the element of causation is based purely on "suspicious timing." *Harris v. Martinez*, No. 22-cv-00373, 2023 WL 3504930, at *7 (N.D. Ill. May 17, 2023) (collecting cases). A court will not ignore a time gap between the protected activity and the adverse action that is so remote that an inference of causation becomes implausible, but "in general, the dismissal of retaliation claims at the pleading stage is typically premised on at least

10

a one-year gap[.]" *Id.* (six-month difference between protected activity and adverse employment action did not make causation implausible).

There is a reasonable explanation for that six-month gap here: Bates was on medical leave from December 2020 until her doctor cleared her to return to work in late May 2021. Pace terminated her only one month later. Additionally, Bates provided further information in her reply brief that Pace's termination letter stated that it could not conclude its investigation into the December 2020 incident until Bates was cleared to return and Pace could interview her.[4] When a plaintiff provides a "good reason" for a time gap between the protected activity and the alleged retaliation, dismissal is improper. *Alamo v. Bliss*, 864 F.3d 541, 556 (7th Cir. 2017) (plaintiff being on medical leave was a good reason for a gap in time in retaliation claim).

Finally, the allegedly suspicious timing is not Bates's only basis for asserting that her protected activity caused her termination. Rather, the Complaint alleges that Pace specifically told her that the reason for her termination was her actions during the December 2020 incident, which, drawing all reasonable inferences in her favor, includes her report to the police. R. 1 ¶ 20. Bates therefore adequately stated a claim under the IWA.

---

[4] A plaintiff opposing a motion to dismiss may elaborate on the allegations in her complaint, so long as the elaborations are consistent with the original allegations. *Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015).

## CONCLUSION

For the foregoing reasons, Pace's partial motion to dismiss Counts III and IV (R. 18) is denied.


ENTERED:


_Thomas M. Durkin_
_____

Honorable Thomas M. Durkin
United States District Judge

Dated: September 13, 2023